UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DAVID DARRELL FLETCHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 3:23-cv-00352 |
| **T.N. BUREAU OF INVESTIGATIONS,** ) | Judge Trauger |
| et al., ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM

David Darrell Fletcher, a state inmate, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper. (Doc. No. 2.) The complaint is before the court for initial review. And as explained below, this case will be dismissed.

**I.      Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because the plaintiff cannot pay the full filing fee in advance (*see* Doc. No. 2 at 4), his application will be granted, and the $350.00 filing fee will be assessed against him. 28 U.S.C. § 1915(b).

**II.     Initial Review**

The court must review and dismiss the complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The court must also hold this pro se complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

**A.      Allegations**

This case arises from the alleged execution of a search warrant in November 2015. The plaintiff sues seven defendants: the Tennessee Bureau of Investigation (TBI), TBI Agent Zachary

Burkhart, Bedford County Circuit Court Judge Forest Durard, the Bedford County District Attorney's Office, and three Bedford County prosecutors. (Doc. No. 1 at 1–5.) Liberally construing the complaint in the plaintiff's favor, he alleges as follows:

On November 6, 2015, Agent Burkhart executed a search warrant signed by Judge Durard. (*Id.* at 9.) The plaintiff claims that this warrant was invalid because Judge Durard is a Circuit Court judge for Bedford County, while the warrant concerned items located in Coffee County. (*Id.*) During the search, Agent Burkhart seized two cell phones, and that evidence was used against the plaintiff by the TBI and Bedford County prosecutors in subsequent criminal proceedings. (*Id.*) Those proceedings resulted in the plaintiff being convicted. (*Id.* at 8.)

The plaintiff provides no information about his criminal case, but the court takes judicial notice that the search being challenged in this case appears to have taken place during an investigation that led to a Bedford County jury convicting the plaintiff of aggravated burglary, first degree premeditated murder, and first degree felony murder. *See State v. Fletcher*, No. M2018-01293-CCA-R3-CD, 2020 WL 995795, at *11 (Tenn. Crim. App. Mar. 2, 2020) (Tennessee Court of Criminal Appeals (TCCA) decision summarizing evidence against Fletcher presented at trial, noting that "Agent Burkhart obtained and executed a search warrant for [Fletcher's] cell phone"). The court imposed an effective sentence of life plus 10 years, and the TCCA affirmed on direct appeal in March 2020. *See id.* The plaintiff filed a state post-conviction petition, and the trial court dismissed it in June 2022. *See* https://bedford.tncrtinfo.com/crCaseForm.aspx?id=E4B47C4B-BB23-452B-A9A2-DBA520C503E8 (last visited May 25, 2023). The plaintiff did not appeal.

B.  **Legal Standard**

On initial review, the court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the

complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

The plaintiff brings this case under 42 U.S.C. § 1983, asserting claims based on the execution of an allegedly invalid search warrant in November 2015. As explained below, there are two independent reasons that this case must be dismissed.

First, it is untimely. A case may be summarily dismissed where the allegations plainly demonstrate "that relief is barred by the applicable statute of limitations.'" *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). The applicable statute of limitations in a Section 1983 case is determined by state law, "while 'federal law determines when the statutory period begins to run.'" *Est. of Majors v. Gerlach*, 821 F. App'x 533, 537 (6th Cir. 2020) (quoting *Harrison v. Michigan*, 722 F.3d at 768, 722–73 (6th Cir. 2013)). Under state law, the statute of limitations that applies is one year. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). And under federal law, that one-year period "begins to run 'when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred.'" *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 868 n.8 (6th Cir. 2020) (quoting *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)).

Here, the one-year period for the plaintiff's claims started running when the alleged search occurred in November 2015. *See Hornback v. Lexington-Fayette Urb. Cnty., Gov't*, 543 F. App'x 499, 502 (6th Cir. 2013) ("Hornback had a colorable claim for the violation of his Fourth and

Fourteenth Amendment rights on the day of the search, and the statute of limitations began to run on that date."). The plaintiff filed this case in April 2023. (*See* Doc. No. 1.) Therefore, any Section 1983 claims based on the alleged search are untimely by about six-and-a-half years.

Second, in addition to being untimely, this case is barred by the *Heck* doctrine. As the United States Supreme Court explained in *Heck v. Humphrey*, a plaintiff cannot bring civil claims that, if successful, would "necessarily imply the invalidity" of a criminal conviction or sentence, "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 587 (1994). There are four ways to invalidate a conviction under *Heck*: "(1) reversal on direct appeal; (2) executive expungement; (3) declared invalid by a state tribunal; or (4) called into question by a writ of habeas corpus." *Carr v. Louisville-Jefferson Cnty.*, 37 F.4th 389, 392 (6th Cir. 2022) (citing *Heck*, 512 U.S. 486–87).

The plaintiff alleges that the fruits of the November 2015 search were used against him in state criminal proceedings. Success on the civil claims in this case, therefore, would necessarily imply that his resulting convictions for aggravated burglary, first degree premeditated murder, and first degree felony murder are invalid. And those convictions have not been set aside within the meaning of *Heck*, as the plaintiff's direct appeal and state post-conviction petition were both unsuccessful. So even if this case were not untimely, he could not pursue it at this time.

### III. Conclusion

For these reasons, the plaintiff's application to proceed as a pauper will be granted and this case will be dismissed.

An appropriate order is filed herewith.

ALETA A. TRAUGER
United States District Judge